IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-02361-PSF-PAC

LAKEWOOD CHRYSLER-PLYMOUTH, INC.
d/b/a MEDVED CHRYSLER PLYMOUTH JEEP, INC.,
a Colorado corporation,

    Plaintiff,

v.

DAIMLERCHRYSLER CORPORATION, a Delaware
corporation f/k/a Chrysler Corporation and
CHRYSLER REALTY COMPANY, LLC, a Delaware
limited liability company f/k/a Chrysler Realty Corporation,

    Defendants.

---

**ORDER GRANTING DEFENDANT DAIMLERCHRYSLER MOTORS MOTION FOR ENTRY OF STIPULATED PROTECTIVE ORDER AND STIPULATED PROTECTIVE ORDER**

---

    In order to preserve and maintain the confidentiality of the information contained in certain documents to be produced by the parties, and/or possibly third persons, it is hereby

    **ORDERED** that, with the interlineation in paragraph 8 requiring counsel to follow Local Rules 7.2. and 7.3 with respect to filing documents under seal, and the interlineation in paragraph 12 requiring counsel to move the court for continuing jurisdiction and enforcement of this order, Defendant Daimler/Chrysler's Motion for Entry of Stipulated Protective Order, Doc. # 20, is **GRANTED**.

    IT IS FURTHER **ORDERED** that the following Stipulated Protective Order is made an Order of the Court this date.

**STIPULATED PROTECTIVE ORDER**

    1.    Documents to be produced by any party to this action or third persons during discovery in this matter which contain confidential or proprietary information, including but not limited to documents which contain information about DaimlerChrysler or its dealers, and all information derived from such documents, including but not limited to extracts, memoranda, notes, and correspondence quoting from or summarizing such information, shall hereafter be referred to as "Protected Documents." When used in this Order, the word "documents" is used in its broadest sense and means all written and computerized materials, videotapes, and all other

tangible items and items in magnetic or electronic form. Except as otherwise indicated below, documents designated by the producing party as either or both "Confidential-Subject to Protective Order," or similar phrase, or "For Attorney Eyes Only" that are produced in this action shall be Protected Documents and given confidential treatment as described below. Documents may be designated as "Confidential" or "For Attorney Eyes Only" by physical stamp affixed to the document or by letter from the party producing the document listing each protected document or the category of each protected document.

2. Both the Protected Documents and the information contained therein shall be treated as confidential and shall be used solely for the purpose of prosecuting or defending this action. Except upon the prior written consent of the producing party or person and the party which is the subject of the information, or upon further order of the Court, the Protected Documents or information contained therein which are designated as "Confidential—Subject to Protective Order" may be shown, disseminated, discussed, or disclosed only to the following persons:

　　a. Counsel of record in this action, other members of counsel's law firm, and any other counsel associated to assist in the preparation or trial of this action;

　　b. Employees of counsel of record or of associated counsel who assist in the preparation or trial of this action;

　　c. Outside experts and consultants retained by any party in good faith for the preparation or trial of this action, provided that no disclosure shall be made to any expert or consultant who is currently employed by a direct competitor of Plaintiff or of DaimlerChrysler or its subsidiaries or successors;

    d. Current or former employees or agents of the party or person who produced the Protected Document;

    e. Non-party deponents who are current or former employees or agents of the party or entity about whom the information or portion of the information in the Protected Document relates;

    f. Stenographic reporters engaged for depositions or proceedings necessary to this action;

    g. The parties to this action;

    h. Employees of outside copy services used to make copies of Protected Documents; and

    I. The Court and its staff.

  3. Except upon the prior written consent of the producing party and the party which is the subject of the information, or upon further order of the Court, the Protected Documents or information contained therein which are designated "Confidential-Subject to Protective Order," or similar phrase, may be shown, disseminated, discussed, or disclosed only to the persons identified in subparagraphs (a) through (h) of paragraph 2 above and to the parties to this action.

  4. Before receiving access to any of the Protected Documents or the information contained therein, each person described in subparagraphs 2(c) and 2(f) above shall be advised of the terms of this Order, shall be given a copy of this Order, and shall agree in writing to be bound by its terms and to be subject to the jurisdiction of this Court by signing a copy of this Order.

5.      Nothing in this Protective Order shall relieve any former employee of any producing party or third person of any previous existing obligations to maintain in confidence information or documents obtained in the course of his or her employment.

6.      Prior to designating any material as "Confidential-Subject to Protective Order," the producing party will make a bona fide determination that the material is, in fact, subject to the Protective Order. If a receiving party disagrees with the designation of any document, it will so notify the producing party in writing and, if the parties cannot resolve the issue within ten (10) days of the producing party's receipt of the notice, the objecting party will have the option to apply to the Court to set a hearing for the purpose of establishing that the document is not confidential. The party designating a document as "Confidential-Subject to Protective Order" has the burden of proving that a Protected Document contains such designated confidential information. The objecting party will treat any document so-marked as "Confidential-Subject to Protective Order" until the Court enters a contrary ruling on the matter.

7.      Within sixty (60) days after final termination of this action, counsel shall return to the producing party or, in the alternative, destroy the Protected Documents and all copies of those documents in the possession of counsel, his or her clients, and counsel's clients' consulting and testifying experts. Counsel shall certify in a sworn affidavit that all such documents and copies thereof have been returned to the producing party or destroyed and each expert who received copies of such documents shall also certify in a sworn affidavit that he or she has destroyed all notes, memoranda, or other documents created by that expert from or containing information contained in the Protected Documents.

8.     To the extent that Protected Documents or information contained therein are used in the taking of depositions, at any hearing or at trial, or in any filing with the Court, such documents or information shall remain subject to the provisions of this Order and shall be submitted to the Court in a sealed envelope or container clearly marked "CONFIDENTIAL" and with a statement substantially in the following form:

> This envelope contains documents which are filed in this case by [name of party] and which are confidential pursuant to the Protective Order entered in this case. This envelope is to remain sealed and its contents disclosed only to the Court and those persons authorized to view its contents under the terms of the Protective Order.

**ALL COUNSEL SHALL COMPLY WITH D.C. COLO.CIV.R. 7.2. and 7.3 WITH RESPECT TO MOTIONS TO FILE DOCUMENTS UNDER SEAL.**

Such documents are to be maintained under seal by the clerk or court reporter. With respect to any deposition or hearing transcript, the producing party may, on the record or within twenty (20) business days after receipt of the transcript, designate potions of the transcript relating to the information specified in paragraph 1 above as Protected Documents as "Confidential-Subject to Protective Order" under this Stipulated Protective Order. During the first twenty (20) business days following receipt of a transcript in which a request for confidential treatment was made on the record, the entire transcript shall be treated as confidential.

9.     Counsel for the parties will maintain a list of all persons to whom any Protected Document or thing or information contained therein is provided along with a copy of the signed Order. The list and signed Order shall be available for inspection by the Court and, at the conclusion of this action, by the producing party.

10. All parties reserve the right to apply to the Court for an order modifying or amending the terms of this Protective Order, either upon consent of all other parties or upon a showing of good cause and other appropriate showing under the particular circumstances.

11. After the termination of these matters, the provisions of this Protective Order shall continue to be binding.

12. **Counsel shall apply to this Court for jurisdiction over this order and for enforcement of** this order following the termination of this litigation and, by the parties' stipulation to this Order, hereby consent to that Court's jurisdiction.

13. This Order shall be binding upon the parties hereto, upon their attorneys, and upon the parties' and their attorneys' successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

Dated March 9, 2006.                    By the Court:

s/Patricia A. Coan

Patricia A. Coan, Magistrate Judge

SO STIPULATED BY:

| | |
|---|---|
| s/ Christopher J. Dawes | |
| Richard I. Brown<br>Christopher J. Dawes<br>LOTTNER RUBIN FISHMAN BROWN & SAUL, P.C.<br><br>***Attorneys for Plaintiff Lakewood Chrsyler-Plymouth, Inc. d/b/a Medved Chrysler Plymouth Jeep, Inc.*** | |
| s/ Andrew C.S. Efaw | s/ Jeffrey G. Sorenson |
| Mark F. Kennedy, Esq.<br>Andrew C.S. Efaw, Esq.<br>WHEELER TRIGG KENNEDY LLP<br><br>***Attorneys for Defendant DaimlerChrysler Motors Co. LLC*** | Jeffrey G. Sorenson, Esq.<br>HOWARD & HOWARD ATTORNEYS, P.C.<br><br>***Attorneys for Defendant Chrysler Realty Co. LLC*** |